**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

THOMAS STEPHEN LASKOWSKI,

    Plaintiff,

v.                                                                                                                   Case No. 88-10313

JAMES PEPLINSKI,

    Defendant.
                                                         /

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO REOPEN AND DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL**

Pending before the court is a motion to reopen this case nearly twenty-two years after the original complaint was dismissed as frivolous. On October 19, 1988, Plaintiff Thomas Stephen Laskowski filed a complaint. [Dkt. # 2.] On November 16, 1988,the Honorable James P. Churchill dismissed the complaint as frivolous under the Equal Protection Clause, Due Process Clause, and Takings Clause. [Dkt. # 3.] On July 15, 2010, Plaintiff filed a motion to reopen the case, alleging only that Defendant had "continued his actions until case was ripe in 2003." [Dkt. # 5.] On the same date, Plaintiff also filed a motion to appoint counsel. [Dkt. # 6.] The court reads Plaintiff's motion as a motion for relief from a final judgment. Fed. R. Civ. P. 60(b). The court may exercise its discretion in granting relief from final judgment for any of five enumerated causes or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Since only the takings analysis in the 1988 order referenced ripeness, the court assumes that Plaintiff now seeks relief based upon a takings claim.

Although Plaintiff's complaint remains no less "cryptic" than it did in 1988, the factual basis for the takings claim appears to be a zoning ordinance that partially deprives Plaintiff of the use and enjoyment of his land. It seems that Plaintiff has been unable to obtain desired building permits for certain construction on a portion of his land. Plaintiff appears to allege by implication that he has sought compensation through "procedure the state has provided." (10/16/1988 Order at 2 (quoting *Williamson Co. Reg. Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 194 (1985)).) However, a partial restriction on land use by zoning ordinances does not constitute a taking unless it "denies all economically beneficial or productive use of land." *Lucas v. S.C. Coastal Council*, 505 U.S. 1003, 1015 (1992). Plaintiff at best claims the zoning restrictions burden only 30% of his land, and it is unclear that even then they work a total economic deprivation with respect to that portion. Therefore, there is no basis for granting relief from the 1988 order. Accordingly,

IT IS ORDERED that Plaintiff's motion to reopen this case [Dkt. # 5] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's motion to appoint counsel [Dkt. # 6] is DENIED as moot.

    S/Robert H. Cleland
    ROBERT H. CLELAND
    UNITED STATES DISTRICT JUDGE

Dated: September 16, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 16, 2010, by electronic and/or ordinary mail.

    S/Lisa Wagner
    Case Manager and Deputy Clerk
    (313) 234-5522

S:\Cleland\JUDGE'S DESK\C1 ORDERS\88-10313.LASKOWSKI.Dismiss.60(b).nkt.wpd